UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAKOUN BONVENTURE BAZIE,

        Plaintiff,

    v.

ALEJANDRO N. MAYORKAS,

        Defendant.

22-cv-762 (NRM) (LB)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

NINA R. MORRISON, United States District Judge:

    Plaintiff Dakoun Bonventure Bazie brings this *pro se* employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"). Plaintiff alleges that he was discriminated against and subsequently terminated by the U.S. Customs and Border Protection ("CBP") because of his race, color, national origin, and disability.

    On January 16, 2024, Defendant moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Def.'s Mot. for Summary Judgment, ECF No. 43. On April 2, 2024, this Court referred the motion to the Hon. Lois Bloom, United States Magistrate Judge, for a Report and Recommendation ("R&R"). On August 19, 2024, Judge Bloom recommended that Defendant's motion be granted. R&R, ECF No. 55. Plaintiff filed his objections to the R&R on September 26, 2024. Pl.'s Objection to R&R, ECF No.

1

60. For the reasons discussed below this Court adopts Judge Bloom's well-reasoned R&R in full.

## BACKGROUND

On February 4, 2022, Plaintiff brought this *pro se* suit alleging violations of Title VII and the ADA, as well as the "Wounded Warriors Federal Leave Act of 2015," codified under 5 U.S.C. § 6329. *See* Compl. at 3, 5, ECF No. 1. Broadly, he claims that while he was working his one-year probationary period as a Mission Support Specialist at CBP, he was subject to disparate treatment because he is a Black African, from Burkina Faso, and suffered from a disability — bilateral eyes tension with severe headaches and dry eyes — and that his supervisor and coworker conspired against him so they could have him fired and promote a different employee into his position. *See* R&R at 2–6, ECF No. 55. Bazie also alleges that a coworker illegally searched his personal property while he was away at lunch. Compl. at 8.

In her R&R recommending dismissal, Judge Bloom found that Plaintiff's ADA claim must be dismissed as it is barred by sovereign immunity. R&R at 12. Judge Bloom also noted that, read liberally, the Complaint could be interpreted as bringing a claim under the Rehabilitation Act of 1973. *See id.* Even then, however, Judge Bloom recommended that the claim be dismissed at summary judgment because Plaintiff has not alleged that he is disabled within the meaning of the Rehabilitation Act. *See id.* at 14.

Judge Bloom also recommended dismissing the Title VII claim as none of Plaintiff's allegations established an inference of discrimination, and even if they did, Defendant presented legitimate, non-discriminatory reasons for terminating

2

Plaintiff.  *See id.* at 17–19.  Judge Bloom concluded that Plaintiff had failed to counter these reasons with sufficient evidence that discrimination was more likely than not the real reason for his termination, or that the legitimate reasons were simply pretext.  *See id.* at 19–22.

Lastly, Judge Bloom read Plaintiff's Complaint liberally to consider a potential claim under the Federal Torts Claims Act ("FTCA") for the alleged illegal search of Plaintiff's bag, but found that claim to be barred by sovereign immunity as Plaintiff did not administratively exhaust his remedies before bringing the suit in Federal Court.  *See id.* at 22–24.

Plaintiff filed nearly 400 pages of objections to Judge Bloom's R&R on September 26, 2024, many of which are directly copied from his original opposition to Defendant's initial motion.  *Compare* Pl.'s Objection to R&R, *with* Plaintiff's Answer to Defendant's Reply in Support papers, ECF No. 52.

## **DISCUSSION**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  Following the issuance of a R&R, the parties are given an opportunity to file written objections to the R&R.  *See* 28 U.S.C. § 636(b)(1).  The district judge must evaluate *de novo* "any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.");

3

*United States v. Drago*, No. 18-CR-0394 (SJF) (AYS), 2019 WL 3072288, *1 (E.D.N.Y. July 15, 2019) ("Any portion of such a report and recommendation to which a timely objection has been made is reviewed de novo."). However, where a party files an objection that is "conclusory or general . . . or simply reiterates [the] original arguments," that portion of the R&R is reviewed "only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-cv-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). *See generally* Fed. R. Civ. P. 72(b)(3).

After careful review of Judge Bloom's R&R, Plaintiff's Objections, Defendant's original motion and Plaintiff's original opposition to the motion, this Court finds that for only one claim Plaintiff's objections can be interpreted as not simply a restatement of his unsuccessful arguments before Judge Bloom.

Plaintiff contends that Judge Bloom incorrectly recommended dismissing his Title VII claim because, *inter alia*, he was not trained properly for the position. *See* Objections at 9–10. Judge Bloom, however, did consider this same argument, and found that many of the reasons for Plaintiff's termination were not due to his training. *See* R&R at 20. This Court finds no clear error in that finding.

Plaintiff also argues that the R&R failed to consider the allegations of "slavery work conditions" that Plaintiff was subjected to when he had to put barcodes on computer equipment. Objections at 21. However, Judge Bloom specifically noted these allegations, and found that they did not give rise to an inference of discrimination. *See* R&R at 17. The Court finds no clear error in that finding.

Plaintiff additionally contends that Judge Bloom was mistaken in finding that Plaintiff had not administratively exhausted his claim under the FTCA because he emailed his supervisor to complain about his coworker illegally searching his bag. *See* Objections at 16.  However, this does not change the fact that there was no error in Judge Bloom's finding that Plaintiff did not present his tort claim to the appropriate federal agency, and that this Court therefore lacks subject matter jurisdiction over Plaintiff's FTCA claim.  *See* R&R at 22–24.

Read liberally, only one of Plaintiff's objections could be construed as properly specific and potentially subject to *de novo* review: that Judge Bloom should have read Plaintiff's complaint to include a cause of action under the "Wounded Warriors Federal Leave Act of 2015," codified under 5 U.S.C. § 6329.  Objections at 4.  It is true that the R&R does not analyze Plaintiff's complaint as including a claim under § 6329, and the Court therefore reviews this claim *de novo*.

However, there is no merit to this claim.  "The terms of the United States's consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hamm v. United States*, 483 F.3d 135, 137 (2007) (alterations adopted) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Just as Judge Bloom noted in the R&R regarding Plaintiff's ADA claim, for the government to be subject to suit and not protected by sovereign immunity, "a waiver of immunity . . . must be unequivocally expressed." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981); *See also* R&R at 22.  Nothing in the text of 5 U.S.C. § 6329 suggests that Congress intended to create a private right of action to sue for violations of its terms, and thus this Court

5

lacks subject matter jurisdiction to hear a claim pursuant to § 6329. *See Wake v. United States*, 89 F.3d 53, 57 (2d Cir. 1996) (explaining that sovereign immunity is a "jurisdictional issue").

## **CONCLUSION**

For the foregoing reasons, the Court adopts Judge Bloom's Report and Recommendation dated August 19, 2024, in full. Defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, summary judgment pursuant to Fed. R. Civ. P. 56 is hereby granted, and the action is dismissed. The Court certifies in writing pursuant to 28 U.S.C. § 1915(a)(3) that any appeal *in forma pauperis* would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: Brooklyn, New York
       March 10, 2025